**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

GEORGE RICHARDSON,

    Plaintiff,

v.                                                       Case No. 6:16-cv-599-Orl-37DAB

T-MOBILE USA, INC.,

    Defendant.

**ORDER**

This cause is before the Court on its own motion. On November 28, 2015, Plaintiff filed a three-count Complaint in state court premised on Defendant's alleged violations of the Americans with Disabilities Act ("**ADA**") and the ADA's Accessibility Guideline. (Doc. 2.) Defendant timely removed the action to this Court on April 8, 2016.[1] (Doc. 1.) Upon consideration, the Court finds that the Complaint is due to be dismissed as an impermissible shotgun pleading.

A shotgun complaint "is [one] containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). The Court is therefore faced with the onerous task of sifting out irrelevancies in order to determine which facts are relevant to which causes of action. *See id.* at 1323. Such shotgun pleadings are "altogether unacceptable," and it is the Court's obligation to force Plaintiff

---

[1] Defendant was not served until March 11, 2016. (*See* Doc. 1, p. 1); *see also* 28 U.S.C. § 1446(b) (allowing thirty days to remove from the date of service).

to replead. *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997); *see also Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125–28 (11th Cir. 2014). If the Court does not fulfill this obligation, then "all is lost." *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998).

As Counts II and III of the Complaint incorporate each of the preceding allegations (*see* Doc. 2, ¶¶ 21, 27), the Complaint constitutes an impermissible shotgun pleading and must be dismissed. If Plaintiff chooses to replead, the amended complaint should clearly delineate which factual allegations are relevant to each claim.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Complaint (Doc. 2) is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff may file an amended complaint consistent with the directives of this Order on or before Wednesday, **April 27, 2016**. Failure to file may result in this action being closed without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 11, 2016.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record