UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**GEORGE RICHARDSON,**

      **Plaintiff,**

**v.**                                            **Case No:  6:16-cv-599-Orl-37DCI**

**T-MOBILE USA, INC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This matter comes before the undersigned after Plaintiff many and recent failures to comply with the Court's orders.  In light of the following, the undersigned recommends the case be dismissed with prejudice.

**I.**     **BACKGROUND.**

This action was instituted in the Seventh Judicial Circuit Court, in and for Volusia County, Florida, and later removed to this Court.  Docs. 1; 2.  On April 27, 2016, Plaintiff, then represented by counsel, filed the operative complaint against Defendant.  Doc. 9.  On June 21, 2016, the Court entered a Case Management and Scheduling Order (the CMSO), setting the discovery deadline for January 13, 2017.  Doc. 17 at 3.  On July 1, 2016, Defendant filed a Notice of Mediation Conference, indicating mediation would occur on November 15, 2016.  Doc. 19.

On October 13, 2016, Defendant filed a Motion to Compel Discovery, for Sanctions, and to Expedite Responsive Briefing (the Motion to Compel).  Doc. 21.  On October 18, 2016, the undersigned entered an order setting a hearing on the Motion to Compel, and directed Plaintiff and lead counsel for both parties to appear at the hearing in person.  Doc. 22.  On November 1, 2016, Plaintiff's counsel filed a motion to withdraw as counsel (the Motion to Withdraw).  Doc. 28.

On November 2, 2016, the undersigned held a hearing on the Motion to Compel and Motion to Withdraw, at which counsel for each party appeared. Doc. 29. Plaintiff, however, failed to appear at the hearing. *Id*. Plaintiff's counsel stated that she advised Plaintiff of the hearing, but that Plaintiff declined to appear at the hearing.

On November 2, 2016, the undersigned entered an order to show cause (the Order to Show Cause) against Plaintiff due to his failure to appear at the November 2, 2016 hearing. Doc. 30. The undersigned set the matter for a hearing on November 18, 2016, and directed Plaintiff and lead counsel for Defendant to appear at the hearing in person. *Id*. at 1-2. The undersigned admonished Plaintiff that "[t]he failure . . . to appear at the hearing will result in a report recommending that the case be dismissed without further warning." *Id*. at 2.[1]

That same day, the undersigned entered an order (the Discovery Order) granting the Motion to Compel in part, ordering Plaintiff to do the following at or before the November 18, 2016 hearing:

- Serve Defendant with a supplemental response to its First Set of Interrogatories that provides complete answers to Interrogatories 3, 4, 6 and 7.

- Serve Defendant with a supplemental response to its First Request for Production of Documents that provides a clear response to each request for production indicating whether or not Plaintiff has possession, custody or control of the requested documents.

- Serve Defendant with all documents in Plaintiff's possession, custody or control that Defendant requested in its First Request for Production of Documents.

---

[1] The undersigned ordered Plaintiff's counsel to serve Plaintiff with the Order to Show Cause, and to file a notice certifying that Plaintiff was served with same. Doc. 30 at 2. On November 10, 2016, Plaintiff's counsel filed a notice certifying that she served Plaintiff with the Order to Show Cause on November 3, 2016. Doc. 32.

- Serve Defendant with fully executed medical releases for records from each of Plaintiff's medical providers dating from January 1, 2008 through the present.

- Provide Defendant with three proposed dates for his deposition.

Doc. 31 at 3.[2] The undersigned also granted the Motion to Withdraw. *Id*. at 4. Thus, Plaintiff is currently proceeding *pro se*.

On November 14, 2016, Plaintiff filed a Motion for Continuance (the Motion to Continue), requesting the November 18, 2016 hearing be continued for 30 days and that he be permitted to appear telephonically because he is "disabled." Doc. 35.[3]

On November 15, 2016, the mediator filed a report indicating Plaintiff failed to appear at mediation. Doc. 34 at 1. Therefore, the mediator declared an impasse. *Id*. at 2.

On November 17, 2016, the undersigned entered an order denying the Motion to Continue. Doc. 36.[4]

On November 18, 2016, the undersigned held a show cause hearing, at which Defendant's counsel appeared. Doc. 37. Plaintiff, however, failed to appear at the hearing. *Id*. The undersigned asked Defendant's counsel whether Plaintiff provided any of the discovery ordered in the Discovery Order, and counsel responded in the negative.

---

[2] The undersigned ordered Plaintiff's counsel to serve Plaintiff with the Discovery Order, and to file a notice certifying that Plaintiff was served with same. Doc. 31 at 4. On November 10, 2016, Plaintiff's counsel filed a notice certifying that she served Plaintiff with the Discovery Order on November 3, 2016. Doc. 32.

[3] Plaintiff did not explain why his "disability" prohibited him from appearing at the hearing in person. *See* Doc. 35.

[4] Plaintiff called chambers on November 17, 2016, after the undersigned entered the order denying the Motion to Continue, and was informed that the Motion to Continue was denied.

**II.     LAW.**

The Court may dismiss an action for failure to obey a court order. Fed. R. Civ. P. 37(b)(2)(A)(v); Fed. R. Civ. P. 41(b). The dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances. *See Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) (per curiam); Thus, a party's negligence, misunderstanding or inability to comply will not justify dismissal. *See Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1543 (11th Cir. 1993). The Court may dismiss a case with prejudice when the party engages in a clear pattern of delay or willful contempt, and specifically finds that lesser sanctions would not suffice. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337-38 (11th Cir. 2005); *Malautea*, 987 F.2d at 1543.

**III.     ANALYSIS.**

This case has been marred by Plaintiff's recent and continued failure to comply with the Court's orders, and, as a result, the undersigned recommends that the case be dismissed with prejudice pursuant to Rule 37(b)(2)(A)(v) and Rule 41(b), Federal Rules of Civil Procedure.

First, Plaintiff failed to comply with the undersigned's October 18, 2016 order. On October 18, 2016, the undersigned entered an order setting a hearing on Defendant's Motion to Compel. Doc. 22. The undersigned directed Plaintiff and counsel for both parties to appear at the hearing in person. *Id*. The matter proceeded to a hearing on November 2, 2016, at which counsel for both parties appeared. Doc. 29. Plaintiff, however, did not appear at the hearing. *Id*. The undersigned asked Plaintiff's counsel why Plaintiff failed to appear, and counsel stated that Plaintiff simply declined to appear at the hearing. Thus, Plaintiff was aware of the hearing, and simply chose not

to appear at the hearing. Therefore, on this record, the undersigned finds Plaintiff willfully disregarded the October 18, 2016 order.

Second, Plaintiff failed to comply with the Order to Show Cause. On November 2, 2016, the undersigned entered an Order to Show Cause against Plaintiff. Doc. 30. The undersigned set the matter for a hearing on November 18, 2016, so Plaintiff could show cause why he failed to appear at the November 2, 2016 hearing. *Id.* The undersigned directed Plaintiff to appear at the hearing in person, and admonished him that "[t]he failure . . . to appear at the hearing will result in a report recommending that the case be dismissed without further warning." *Id*. at 2. Plaintiff subsequently filed a Motion to Continue, requesting that the hearing be continued and that he be permitted to appear at the hearing telephonically because he was "disabled." Doc. 35. The undersigned denied the Motion to Continue. Doc. 36. The matter proceeded to a hearing on November 18, 2016, but Plaintiff failed to appear at the hearing. Doc. 37. There is no question Plaintiff knew he was to appear at the hearing in person. *See* Doc. 35. Further, Plaintiff has provided no explanation or evidence demonstrating that his disabilities, whatever they may be, precluded him from appearing at the hearing in person. *See id.* Therefore, on this record, the undersigned finds Plaintiff willfully disregarded the Order to Show Cause.

Third, Plaintiff failed to comply with the Discovery Order. On November 2, 2016, the undersigned entered the Discovery Order granting the Motion to Compel in part, ordering Plaintiff to provide Defendant with supplemental discovery responses, fully executed medical releases, and proposed dates for his deposition at or before the November 18, 2016 hearing. Doc. 31. The undersigned directed Plaintiff's counsel to serve Plaintiff with the Discovery Order, which occurred on or about November 3, 2016. Doc. 32. The matter proceeded to a hearing on November 18, 2016, during which the undersigned asked Defendant's counsel whether Plaintiff had provided

supplemental discovery responses, fully executed medical releases, and proposed dates for his deposition, and counsel responded in the negative. Plaintiff was provided with a copy of the Discovery Order. Doc. 32. Thus, Plaintiff was aware of the Discovery Order. Plaintiff, however, has provided no explanation why he failed to comply with the Discovery Order. Therefore, on this record, the undersigned finds Plaintiff willfully disregarded the Discovery Order.

Finally, Plaintiff failed to comply with the Court's CMSO. Specifically, the Court ordered the parties to "attend" the mediation, and admonished that it "will impose sanctions upon . . . parties who do not attend and participate in good faith in the mediation conference." Doc. 17 at 11. On July 1, 2016, Defendant filed a Notice of Mediation Conference, indicating mediation would occur on November 15, 2016. Doc. 19. Therefore, Plaintiff had sufficient notice about the mediation, but failed to attend the mediation. Doc. 34. Plaintiff has provided no explanation why he failed to comply with the CMSO's requirement that he attend the mediation. Therefore, on this record, the undersigned finds Plaintiff willfully disregarded the CMSO.

There is nothing in the record indicating that Plaintiff's many and recent failures to comply with the Court's orders are the product of negligence, misunderstanding, or an inability to comply. The undersigned, instead, finds that Plaintiff has engaged in a clear and consistent pattern of willful disregard for the Court's orders. The undersigned is mindful that Plaintiff is proceeding *pro se*, but finds his *pro se* status does not excuse his noncompliance. *See Reed v. Fulton Cty. Gov't*, 170 F. App'x 674, 676 (11th Cir. 2006) (finding plaintiff's *pro se* status did not excuse his failure to comply with court's discovery orders). The undersigned provided Plaintiff with several opportunities to cure his noncompliance, and warned him that failure to comply with the Court's orders will result in dismissal of the case. *See* Docs. 22; 30. Plaintiff, however, has failed to heed

the Court's orders and warnings, and, as a result, has needlessly wasted the Court's limited resources, impeded the progress of this case, and frustrated Defendant's ability to defend this case.

The undersigned finds lesser sanctions would not ensure Plaintiff would comply with any future orders. The discovery deadline is fast approaching, and Plaintiff's continued failure to comply with the Court's orders, particularly the Discovery Order, prejudices Defendant's ability to defend this case, and, given Plaintiff's willful disregard for the Court's orders, it is not certain that Plaintiff will participate in discovery, thus frustrating Defendant's ability to defend this case. Further, Plaintiff was warned that failure to appear at the November 18, 2016 hearing would result in a report recommending the case be dismissed. Doc. 30 at 2. In spite of this warning, Plaintiff did not appear at the hearing and has since provided no reasonable explanation for his failure to appear. In light of the foregoing, the undersigned finds no lesser sanctions – such as a fine, striking pleadings, or prohibiting Plaintiff from opposing defenses – would prompt Plaintiff to comply with the Court's orders. Therefore, the undersigned finds this case should be dismissed with prejudice due to Plaintiff's many and repeated failures to comply with the Court's orders. Fed. R. Civ. P. 37(b)(2)(A)(v); Fed. R. Civ. P. 41(b); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (finding "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

## IV.   CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The case be **DISMISSED with prejudice**; and
2. The Clerk be directed to close the case.

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 8, 2016.

_____
DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy