**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

GEORGE RICHARDSON,

        Plaintiff,

v.                                                             Case No. 6:16-cv-599-Orl-37DCI

T-MOBILE USA, INC.,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 38), filed December 8, 2016; and

2. Defendant's Motion to Suspend Discovery Deadline Pending Decision on Report and Recommendation to Dismiss this Action with Prejudice (Doc. 39), filed December 30, 2016.

On November 28, 2015, Plaintiff initiated the instant action in state court, alleging that Defendant violated the Americans with Disabilities Act. (Doc. 2.) Defendant later removed the action to this Court. (Doc. 1.) Originally, Plaintiff was represented by counsel, but he subsequently chose to proceed *pro se*. (*See* Docs. 23, 26, 29.) In the interim, Plaintiff's repeated failures to comply with Court Orders—without justification—prompted U.S. Magistrate Judge Daniel C. Irick to issue a Report recommending that the Undersigned dismiss this action with prejudice. (Doc. 38 ("**R&R**").) Neither party objected to the R&R, and the time for doing so has now elapsed.[1]

---

[1] Defendant's objections to the R&R were due on Thursday, December 22, 2016,

## STANDARDS

When a party files written objections to the proposed findings and recommendations in a magistrate's report, the district court must make a de novo determination of the portions of the report to which an objection is made. 28 U.S.C. § 636(b)(1). However, when a litigant fails to file specific objections to the magistrate's factual findings, the district court is not required to review such findings de novo. *Garvey v. Vaugh*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Rather, in the absence of objections, the district court reviews a magistrate's report and recommendation for clear error. *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Marcort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) ("Most circuits agree that in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.")

## DISCUSSION

Federal Rule of Civil Procedure 41(b) "authorizes a district court to dismiss an action for failure to obey a court order." *Moon v. Newsome*, 863 F.3d 835, 838 (11th Cir. 1989); *see also Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1989) (stating that "a court may *sua sponte* dismiss a case with prejudice under Rule 41(b)"). "The court's power to dismiss is an inherent aspect of its authority to enforce

---

and Plaintiff's objections to the R&R were due on Tuesday, December 27, 2016. Local Rule 6.02(a) (providing fourteen days to file objections to an R&R); Fed. R. Civ. P. 6(a)(1), (d) (excluding due dates that fall on weekends and holidays and providing three additional days to respond following service by mail).

its orders and ensure prompt disposition of lawsuits." *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay *or* willful contempt *and* a finding that lesser sanctions would not suffice." *Id.*

In his R&R, Magistrate Judge Irick found that, despite being "provided several opportunities to cure his noncompliance," "Plaintiff ha[d] engaged in a clear and consistent pattern of willful disregard for the Court's [O]rders." (*Id.* at 6.) Specifically, Magistrate Judge Irick found that Plaintiff willfully disregarded: (1) an Order dated October 18, 2016, directing Plaintiff to appear at a hearing on a motion to compel (Doc. 22 ("**October 18 Order**")); (2) an Order to Show Cause dated November 2, 2016, directing Plaintiff to appear at a hearing regarding his failure to comply with the October 18 Order (Doc. 30); (3) a discovery order dated November 2, 2016, compelling Plaintiff to provide Defendant with certain discovery requests and proposed deposition dates (Doc. 31); and (4) the Court's Case Management and Scheduling Order mandating Plaintiff to attend mediation (Doc. 17, pp. 10–12). (*Id.* at 4–6.) The R&R also found that Plaintiff: (1) failed to heed the Court's warnings that that failure to comply with its Orders could result in dismissal of the case; and (2) "needlessly wasted the Court's limited resources, impeded the progress of [the] case, and frustrated Defendant's ability to defend [the] case." (*Id.* at 6–7.) In view of the impending discovery deadline and Plaintiff's continued disobedience, Magistrate Judge Irick concluded that "no lesser sanctions—such as a fine, striking pleadings, or prohibiting Plaintiff from opposing defenses—would prompt Plaintiff to comply with the Court's [O]rders." (*Id.* at 7.)

In the absence of objections, the Court has reviewed the R&R for clear error. In

doing so, the Court finds that the findings and recommendations set forth in the R&R are supported and warranted by the record. Importantly, the R&R contains the requisite findings for dismissal—that is: (1) that Plaintiff willfully disregarded numerous Court orders; and (2) that no lesser sanctions would suffice.

Plaintiff's *pro se* status does not excuse him from complying with the Court's Orders, particularly here, where the record demonstrates that he was given sufficient opportunity to rectify his noncompliance. *See, e.g.*, *Moon*, 863 F.2d at 839 (affirming the district court's dismissal of a *pro se* plaintiff's case for failure to comply with a discovery order where "[h]e was warned repeatedly of the consequences of misconduct"); *see also id.* at 837 ("If a *pro se* litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant.") As such, the R&R is due to be adopted in its entirety. Further, Defendant's request that the Court suspend the discovery deadline (Doc. 39) is due to be denied as moot.[2]

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 38) is **ADOPTED**, **CONFIRMED**, and made part of this Order.

2. This action is **DISMISSED WITH PREJUDICE**.

3. Defendant's Motion to Suspend Discovery Deadline Pending Decision on

---

[2] Such motion also fails to comply with Local Rule 3.01(g). Indeed, Defendant's argument that such motion is akin to a motion for involuntary dismissal—and thus, excluded from compliance with Local Rule 3.01(g)—is unavailing. Rather, Defendant's motion requests suspension of the discovery deadline until the Court rules on the R&R. (Doc. 39.) This in no way "falls under the auspices" of Local Rule 3.01(g)'s exemptions. Defendant is forewarned that future attempts to skirt the conferral requirement may result in the imposition of sanctions without warning.

       Report and Recommendation to Dismiss this Action with Prejudice (Doc. 39) is **DENIED AS MOOT**.

4. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 10, 2017.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

*Pro Se* Party